ANNIE SCHAS and M. S. SCHAS, her husband, ELLAS IN-VESTMENT COMPANY, a corporation, JAMES DEMOS, I. GOLDSTEIN, MARGARET S. BLOUNT, and J. HENRY BLOUNT, her husband, *Appellants*, v. MARION B. SPENCER, a widow, *Appellee*.

En Banc.

Opinion filed July 31, 1929.

Petition for rehearing granted September 17, 1929.

Judgment reaffirmed November 13, 1929.

*Herbert L. Anderson*, for Appellants;

*Lee M. Booth* and *Gordon McCauley*, for Appellee.

BUFORD, J.—In this case Marion B. Spencer filed bill to foreclose mortgage made and executed by Annie Schas and her husband. The suit was against the makers of the mortgage and also Ellas Investment Company, Margaret S. and J. Henry Blount, I. Goldstein and James Demos. The mortgage was given to secure the payment of a certain principal note together with certain interest coupon notes. The interest coupon notes were made payable "At any bank, Jacksonville, Florida." On the 20th day of July, 1926, and prior thereto, James Demos was the fee simple owner of the property embraced in the mortgage and was primarily liable for the payment of the debt secured by the mortgage together with the interest thereon in accordance with the interest coupon notes. An agreement had been concluded between Demos and Marion B. Spencer that the interest coupon notes should be payable at the Atlantic National Bank, Jacksonville Florida. Three of the notes had become due and were paid at The Atlantic National Bank.

On the 20th of July, the date when interest coupon note No. 4 was due, Demos, by his agent, Luderback, appeared at Atlantic National Bank during banking hours and then and there offered to pay and was ready, willing and able to pay the interest coupon note No. 4 in the sum of $87.50. But at that time the note was not in the bank and the bank was not authorized to receive payment for the note. It was neither the fault of the bank nor of Demos, nor any of the defendants, that the note was not then paid.

Later during the same day, or the next day, the proof does not show conclusively which, the note was transmitted to the bank, but there is no proof that Demos or any of the defendants received any notice or had any notice that the note had been placed in the bank for payment. The note remained at the bank for several days and was with-

drawn by the attorney for Mrs. Spencer. On the 17th day of August Demos mailed a check in payment for the note to the attorney for Mrs. Spencer. On the 20th day of August the attorney returned Demos' check with a letter in which amongst other things he said:

"This check can not be accepted for the reason that it is not legal tender and also for the reason that the same reached me thirty days after the same was due. By the terms of the said mortgage only ten days after it was due was allowed before a default."

On the same day a bill was filed to foreclose the mortgage. The right to foreclose was based upon a default in the payment of interest coupon note No. 4 and thereby the acceleration of the maturity of the entire debt.

It is contended by counsel for appellant and admitted by counsel for appellee that the provision in the note making it payable at any bank in Jacksonville, Florida, together with the further agreement between the parties that the notes should be payable at The Atlantic National Bank, which agreement had been ratified and confirmed by The Atlantic National Bank, having been used by both parties to the agreement for this purpose, brings the matter within the purview of Sec. 6832, Comp. Gen. Laws of Florida 1927, which is as follows:

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and endorsers."

Whether or not this contention is a correct construction of the statute if attempted to be affirmed in a law court is not needful to be here determined, but it is the proper construction to be applied in the instant case, which comes under the benevolent rules of the Chancery Court.

There is no question but that Demos, through his agent, appeared at the bank on the 20th of July, the date when the note was due, during banking hours, for the purpose of paying the note, and that he was then and there ready, willing and able to pay the note and would have paid the same if it had been in the bank. This being true, under the equitable construction of the statute and under the facts in the case, such action on the part of Demos, through his agent, was equivalent to a tender of payment on his part, and it was not necessary for him to renew that tender of payment again that day, but it became, in equity and good conscience, the duty of the bank acting for both parties as well as the duty of the holder of the note, after Demos had acquired the position of one who had made a tender of payment, to give Demos reasonable notice of the whereabouts of the note, before such holder was in a position to declare a default. There is no evidence that any notice was given and as the bank, acting as agent for both parties, had assured Demos that he, or his agent, would be notified when the note was delivered to the bank, in the event of such delivery, Demos had an equitable right to rely on that assurance from the bank as the agent of the holder of the note.

The acceleration clause in the mortgage provided that it could be executed at the option of the mortgagee. The option to exercise the acceleration clause in the mortgage was not exercised until after Demos had transmitted a check for the full amount of the coupon note to the attorney of Mrs. Spencer, who then held and had control of the note

for her and, while it may be that in a court of law a suit could have been maintained to enforce the immediate payment of the entire obligation by reason of the alleged default, we think such a case is presented here as would warrant a court of chancery, being a court of conscience, in holding that no such a default had occurred under all the facts in this case as to warrant a decree of foreclosure, and therefore the decree of the chancellor should be reversed and it is so ordered.

Reversed.

TERRELL, C. J., AND ELLIS, STRUM AND BROWN, J. J., concur.

WHITFIELD, J., disqualified.